[No. 57365-4. Department One. November 8, 1990.]

*In the Matter of the Recall of*
GARY ROBERTS, ET AL.

552

*Carla Jean Higginson,* for appellant.

*Gary Roberts, Ruth Athearn,* and *Bonnie Potter,* pro se, and *Stephen O. Kenyon,* for respondents.

UTTER, J.—Robert Greenway appeals from an order finding to be insufficient the charges made in a recall petition he filed against Friday Harbor Town Council members Gary Roberts, Bonnie Potter, and Ruth Athearn. At issue is whether the charges in the petition are legally and factually sufficient to support recall.

On May 2, 1990, Greenway filed a recall petition in San Juan County charging respondents with the following acts of alleged misconduct:

> Between approximately March 31 and April 18, 1990, said Council Members . . . conducted closed, secret meetings without notification to the Mayor, the other two Council Members, the Town Attorney or the public, in violation of the Open Public Meetings Act, Chapter 42.30 RCW, including a meeting held at Council Member Potter's house on March 31, 1990 at which POTTER, ROBERTS, ATHEARN, Bill Appel, Louise Dustrude, Lee Sturdivant, and Jim Fox were present, whereby, with the assistance of a private attorney, Bill Appel, they drafted and agreed to support a Town Ordinance which would have imposed a complete building moratorium in the Town of Friday Harbor. Said Council Members also agreed that said legislation would be introduced at the end of the Town Council Meeting scheduled for Thursday, April 19, 1990, and passed at a subsequent meeting to be held Friday, April 20, 1990 at 8:00 a.m., without notice, in violation of the usual and accepted practice of the Town Council, by giving an ordinance a first, second and sometimes third reading in advance of its actual passage.

> The meetings held prior to April 19, 1990 were not regularly scheduled meetings of the Town Council and were not called as a special meeting pursuant to RCW 35.27.270.

Clerk's Papers, at 6.

Councilmember Roberts did in fact introduce moratorium legislation at the council's April 19 meeting, and discussion of the matter was continued until the following morning. Roberts then formally moved for passage of the proposed ordinance, but the motion died for lack of a second.

After Greenway filed the recall petition, the San Juan County Prosecutor prepared a ballot synopsis and petitioned the Superior Court for a hearing to determine the sufficiency of the charges. A hearing was then held at which Greenway was examined concerning his knowledge of the allegations contained in the petition. By letter ruling, the trial court found the charges to be insufficient because Greenway did not have sufficient knowledge of the facts underlying the charges. Clerk's Papers, at 109–10. Greenway appealed directly to this court. With the approval of the Chief Justice, the matter was set on this Department's agenda for determination as to how it should proceed.

It should first be observed that Greenway is statutorily entitled to direct review by this court. RCW 29.82.023 states that "[a]n appeal of a sufficiency decision shall be filed in the supreme court as specified by RCW 29.82.160." The referenced statute provides that this court generally has "revisory jurisdiction" over superior court recall decisions and that an appeal from a recall decision "shall be considered an emergency matter of public concern by the supreme court, and heard and determined within thirty days after the decision of the superior court."

The law governing this matter is set forth in *In re Wade,* 115 Wn.2d 544, 799 P.2d 1179 (1990), filed the same day as this opinion. Here the main charge is that respondents conducted "meetings" in violation of the Open Public Meetings Act of 1971. Under the act, all "meetings of the governing body of a public agency" must be open to the public. RCW 42.30.030. To constitute a "meeting," the members of the governing body must gather for the taking of "action"; that is, the "transaction of the official business"

of the public agency, including deliberations and discussions. RCW 42.30.020(2)–(4). A majority of the members of a governing body are not prohibited from gathering together for purposes other than a regular or special meeting, so long as they take no "action." RCW 42.30.070. The essence of Greenway's petition is that respondents, constituting a majority of the Town Council, conducted "meetings" in secret.

The trial court properly found the petition to be insufficient. The petition on its face contains no details regarding any "meeting" other than the one which allegedly occurred on March 31, 1990. Regarding that gathering, the petition fails to allege any facts indicating an intent to violate the open public meetings act. The petition also fails to show that the respondents' alleged violation of the Town Council's "usual and accepted practice" constitutes substantial conduct clearly amounting to misfeasance, malfeasance, or violation of the oath of office.

Also fatal to the petition, however, is Greenway's lack of knowledge of any facts supporting the charges. Greenway said that he based the charges largely on newspaper articles and letters to the editor concerning the moratorium ordinance. None of these sources indicates that all three respondents ever met together to discuss the moratorium ordinance. Petitioner's exhibits 2–9. It is uncontradicted that only two of the respondents ever met on any one occasion, precisely because they wished to avoid violating the open public meetings act. Clerk's Papers, at 123. Greenway also said he spoke with the Mayor and the council members who were not present at these "meetings," but all they said was that they were not present, not that the meetings ever took place.

Nor is there any evidence whatsoever that respondents agreed in advance to support the proposed ordinance. Furthermore, Greenway had no knowledge that respondents agreed that the ordinance would be introduced at the April 19 meeting and be passed the following day in violation of

the council's usual practice. Greenway merely surmised that respondents had made such an agreement based on what had happened at the April 19 and 20 meetings. Report of Proceedings, at 8–9. Greenway therefore had no knowledge, other than conjecture, to support his charges. *In re DeBruyn*, 112 Wn.2d 924, 930, 774 P.2d 1196 (1989) (conjectural knowledge insufficient).

Under straightforward application of established precedent, Greenway's recall petition is insufficient. The trial court is affirmed.

CALLOW, C.J., and DOLLIVER, ANDERSEN, and GUY, JJ., concur.