929 P.2d 410 (1997)
131 Wash.2d 92
In re The Petition for Recall of Janet ANDERSON, Joseph Iriarte, Keith Chronister, Wayne Hawver, Members of the Town Council of Naches; and Douglas McNeil, Mayor of the Town of Naches.
No. 64101-3.
Supreme Court of Washington, En Banc.
Considered November 14, 1996.
Decided January 16, 1997.
*411 David Putney, Yakima, for appellant.
Jeffrey Sullivan, Yakima County Prosecutor, Terry Austin, Deputy, Roy & Pell, Theodore Roy, Yakima, for respondent.
PER CURIAM.
Stephen Chase, Delta Pearson, Janell Riddle, and Ronald Long appeal from a judgment dismissing their recall petitions against the mayor and members of the town council of Naches. We affirm.
Appellants challenge the superior court's decision only as to one of three charges they made. Appellants alleged that respondents (with the exception of one council member) violated the Open Public Meetings Act, RCW 42.30, by meeting on December 5, 1995 and agreeing to charge late fees to irrigation customers who were delinquent on their annual payments. Specifically, the petitions asserted the mayor and council members held a public "study session," where they discussed the fact that some irrigation customers had not been billed for a number of years. Appellants alleged that respondents "reached a specific decision by agreeing that the town was going to bill late fees to the irrigation customers even though no charges had been previously billed to the customers in question." Appellants stated that the meeting was not a regular town council meeting but was held in the private home of one of the council members at 6:30 a.m. Appellant Delta Pearson attended the meeting.
At the hearing to determine the sufficiency of the charges, the superior court examined Pearson. She testified that respondents discussed delinquent water, sewer, and garbage bills, as well as some irrigation accounts which had not been billed for some years.
*412 Respondents purportedly considered whether to try to collect delinquent bills through an agency, but decided to "just try on their own and try to put the late fees on it and keep them billed so they could get their money." Pearson said respondents did not formally vote on the matter but "they kind of all shook their heads and agreed."
Later in the hearing, the court tried to clarify whether the council actually decided to impose late fees on irrigation customers who had not been billed, or instead limited the issue of late fees to water, sewer, and garbage customers. Pearson testified that the two agenda items "ran together" during the meeting and that "[she] could have misunderstood" and "maybe [she] left with the wrong impression." The court then listened to a tape-recording of the council's regular meeting of December 11, 1995. The tape reveals that at that meeting, Pearson specifically asked whether the town would charge late fees to irrigation customers who had not been billed. The mayor responded that no such charges would be imposed.
Based on this evidence, the court determined there was no factual basis for the charge that the mayor and council unlawfully made a "final decision" at the study session to charge late fees to irrigation customers who had not been billed. The court also determined the petition was insufficient in failing to allege respondents intended to violate the Open Public Meetings Act. Appellants appealed directly to this court pursuant to RCW 29.82.023.
This court reviews recall petitions using the same criteria as the superior court. In re Shipman, 125 Wash.2d 683, 684, 886 P.2d 1127 (1995). The fundamental requirement is that the charges be both factually and legally sufficient. Id. The only issue here is the factual sufficiency of the charge.
To be factually sufficient, a petition must state in detail the acts complained of, and the petitioners must have knowledge of identifiable facts which support the charges. RCW 29.82.010; In re Wade, 115 Wash.2d 544, 549, 799 P.2d 1179 (1990). The facts alleged must establish a prima facie case of misfeasance, malfeasance, or violation of the oath of office. In the context of recall petitions, "misfeasance" and "malfeasance" both mean "any wrongful conduct that affects, interrupts, or interferes with the performance of official duty". RCW 29.82.010(1). "Misfeasance" also means "the performance of a duty in an improper manner", and "malfeasance" includes "the commission of an unlawful act". RCW 29.82.010(1)(a), (b). When a petition charges an official with violating the Open Public Meeting Act, the petitioners must have knowledge of facts indicating an intent to violate the Act. In re Beasley, 128 Wash.2d 419, 426, 908 P.2d 878 (1996); In re Roberts, 115 Wash.2d 551, 554, 799 P.2d 734 (1990). Although the court may not determine whether the charge is true, it may go outside the petition to determine whether there is a factual basis for the charge. In re Beasley, 128 Wash.2d at 427, 908 P.2d 878.
The charge here is insufficient. First, as the superior court observed, the petition does not allege respondents intended to violate the Open Public Meetings Act. See In re Roberts, 115 Wash.2d at 554, 799 P.2d 734. Additionally, appellants have not presented any facts indicating such an intent. See In re Wade, 115 Wash.2d at 549, 799 P.2d 1179.
Second, appellants have no knowledge respondents violated the Act in the manner alleged in their petitions. We assume for purposes of discussion that the December 5 "study session" was a "meeting" under the Act because respondents discussed town business. See RCW 42.30.020(3), (4). Appellants acknowledge the study session was open to the public. The only violation they claimed is that respondents improperly took "final action" by agreeing to charge late fees to irrigation customers who had not been billed for some years. As indicated in the statement of facts, appellant Pearson was not certain respondents took such action, and at the next regular council meeting she confirmed that respondents in fact did not decide to impose late fees on irrigation customers who had not been billed. Therefore, appellants not only have no factual basis for their charge, but based on the facts now known to them, they know the charge is unfounded.
*413 Appellants contend the superior court improperly weighed the evidence in considering Pearson's testimony. It did not do so. Rather, the court properly determined that Pearson had no knowledge of facts supporting the charge.
Affirmed.