**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON

OCTOBER 29, 2020

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
OCTOBER 29, 2020

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Recall of | ) | |
| | ) | No. 98663-1 |
| | ) | |
| | ) | |
| | ) | |
| JASON WHITE, | ) | En Banc |
| City of Yakima | ) | |
| District 2 Councilman, | ) | |
| | ) | |
| | ) | |
| _____ | ) | Filed: <u>October 29, 2020</u> |

GONZÁLEZ, J.—In our constitutional democracy, the people elect their own representatives for fixed electoral terms. WASH. CONST. art. II, §§ 5, 6; art. III, § 1; art. IV, §§ 3, 30(4); art. VI; art. XI, § 5. These terms are set by regularly scheduled elections. RCW 29A.04.321. At these regularly scheduled elections, voters frequently have the choice to reelect their representatives or choose another direction by voting for a challenger.

Voters have a constitutional mechanism for expressing dissatisfaction with their elected representatives between elections: recall. WASH. CONST. art. I, §§ 33, 34. Under our constitution, any legal voter in the political

subdivision that elected a person to a legislative or executive office may file a petition to recall that person from office. *Id.*

Our constitution, however, constrains recall. Most relevantly, a recall petition must allege a violation of the oath of office or an act of misfeasance or malfeasance. *Id.* § 33. Courts are obligated to review recall petitions to ensure they allege a recallable offense and not merely an unpopular decision or an unpopular stance. *See* RCW 29A.56.110, .140; *see also Chandler v. Otto*, 103 Wn.2d 268, 270-71, 693 P.2d 71 (1984) (citing 4 EUGENE MCQUILLIN, MUNICIPAL CORPORATIONS § 12.251b at 336 n.12 (3d rev. ed. 1979)). When the recall petitioner alleges that an official committed a recallable offense by violating the law, the petition must also articulate the "'standard, law, or rule that would make the officer's conduct wrongful, improper, or unlawful.'" *In re Recall of Inslee*, 194 Wn.2d 563, 568, 451 P.3d 305 (2019) (internal quotation marks omitted) (quoting *In re Recall of Pepper*, 189 Wn.2d 546, 554-55, 403 P.3d 839 (2017)).

We have before us today a recall petition alleging that city of Yakima District 2 Councilman Jason White committed acts of misfeasance and malfeasance, and violated his oath of office by using his position to undermine the State's and Yakima County's responses to the public health emergency caused by the COVID-19 virus (coronavirus disease). The recall

petition also alleges Councilmember White committed a recallable offense by refusing to attend several city council meetings. A trial judge dismissed the recall petition on several grounds, including Councilmember White's right to criticize other elected officials' actions and the petition's failure to specifically identify the standard, law, or rule that Councilmember White allegedly violated. Verbatim Report of Proceedings (VRP) at 61-67. On August 6, 2020 we affirmed the trial court's dismissal by order with opinion to follow. We now explain that order.

FACTS

Washington State is in the middle of a COVID-19 pandemic. This spring, the governor and both the county and city of Yakima declared a state of emergency by proclamation and order. In his "Stay Home – Stay Healthy" order, the governor directed people to stay home except for limited activities. Proclamation by Governor Jay Inslee, No. 20-25, at 3 (Wash. Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%20Healthy%20(tmp)%20(002).pdf [https://perma.cc/PJ48-WAEY]. Both the city and the county of Yakima have also responded with emergency measures. *See* Mayoral Proclamation of Civil Emergency and Order

(Mar.12, 2020); Yakima City Council Resolution No. R-2020-025 (*both available at* http://mrsc.org/getmedia/e5faad8a-0608-4f24-84f8-a4276bc2301b/y33coronaep.pdf.aspx [https://perma.cc/5PNZ-42L8]).

Councilmember White is skeptical about the response to COVID-19 by our state and local governments. In a series of Facebook posts, Councilmember White encouraged his friends and followers to violate the governor's Stay Home – Stay Healthy proclamation. Illustratively, Councilmember White posted:

> Only avoid getting out if you are sick.. and most American's are extremely unhealthy and sick. For the rest of us with healthy immune systems and that keep them that way, this won't effect us, just like all the other viruses in the environment.
> I spend my entire day in and out of grocery stores. Be healthy and wise to what is actually going on. The CDC and WHO are just the feel good branch of big pharma and Bill Gates and friends that want mandatory immunizations.

Clerk's Papers (CP) at 21 (errors in the original).

Similar Facebook posts were included in the recall petition material. For example, when Councilmember White reposted an article from YakTriNews.com headlined "Face coverings required in Yakima County starting June 3," he titled his post, "I will not comply!" CP at 128. Yakima's mayor, Patricia Byers, described White's comments as "'reckless, frightening, and potentially harmful.'" CP at 12. The next day,

4

Councilmember White announced he would no longer attend council meetings in protest. The remaining councilmembers voted unanimously to censure White. The record suggests Councilmember White resumed attending council meetings not long after.

Based on these Facebook posts and media reports on Councilmember White's apparent contempt for COVID-19 public health orders, David Briggs filed this recall petition. It appears to be largely modeled on a similar recall petition filed against Snohomish County Sheriff Adam Fortney, *In re Pet. for Recall of Adam Fortney*, No. 98683-5, alleging, among other things, that Sheriff Fortney improperly refused to enforce the governor's COVID-19 emergency proclamation. Most relevantly, the *White* recall petition alleged that

> Mr. White's conduct in interfering with State, City, emergency management, public health, and hospital officials in their efforts to protect the public during a worldwide pandemic constitutes malfeasance, misfeasance, and violation of oath of office under RCW 29A.56.110. Mr. White recommended that citizens disregard the State of Washington's emergency, mandatory, nondiscretionary stay-at-home proclamation, as well as disregard Yakima County Public Health's discretionary stay-at-home ordinance. Violators of Governor Inslee's Emergency Proclamation No. 20-25 "Stay Home – Stay Healthy" may be subject to criminal penalties in accordance with RCW 43.06.220(5).

> To the extent any of his recommendations to defy a state and local stay-at-home order were discretionary acts, they were manifestly unreasonable.

CP at 8. The petition also alleged:

> Mayor [Byers'] emergency proclamation enables the City of Yakima to quickly employ resources to deal with the current COVID-19 emergency. Non-compliance carries a misdemeanor penalty. In the Mayor's own words, Councilman White's statements encouraging residents to violate the emergency efforts of the Council, state law, and the public health officials orders were "reckless" and endangered the rest of the community.
>
> Mr. White's wrongful conduct interferes with and interrupts the attempts of the rest of the Council and health officials to get people to stay home to prevent the spread of COVID-19.
>
> Mr. White's use of his position as a public official to urge residents to disobey state and local emergency proclamations constitutes "the performance of a duty in an improper manner." Despite his oath of office to uphold local and state law, he states that he is not in compliance with the law, downplays the severity of the virus, and incites others to ignore the will of the State, the Council, and the local health district.
>
> Additionally, a violation of oath of office includes "the neglect or knowing failure by an elective public office to perform faithfully a duty imposed by law." RCW 29A.56.110(2). Mr. White has a duty to faithfully obey emergency orders imposed by the State of Washington and the City of Yakima. He also has a duty to ensure he is not encouraging the public to disobey these directives. Unfortunately, Mr. White has knowingly and intentionally failed to perform his duties as a public official, putting the public at great risk during an extraordinary global health crisis.

CP at 14-15.

6

The Yakima County prosecuting attorney distilled five charges from the petition. Charges one, three, and five are before this court. The first charge alleges that White committed a recallable offense when he "used his position as an elected official to wrongfully encourage citizens to disobey state and local COVID-19 emergency proclamations that ordered everyone to stay home unless they need to pursue an essential activity." CP at 7. The third charge, as amended below, alleges that White "'violated his oath of office pursuant to RCW 29A.56.110(1)(b) by encouraging the public to disobey emergency orders imposed by the State of Washington and the Yakima County Health District.'" CP at 138. The fifth charge alleges that White "refused to attend Yakima City Council meetings which interfered with the performance of his official duties, and unreasonably denied his constituents representation at Council meetings." CP at 7.[1]

Councilmember White challenged the factual and legal sufficiency of the charges and Briggs' personal knowledge of the facts. Councilmember White argued that the Facebook posts were on his personal social media

---

[1] Charge two alleged Councilmember White had committed malfeasance by disobeying state and local COVID-19 emergency proclamations, and charge four alleged he had recklessly put the public at risk. Originally, charge three also alleged that Councilmember White had personally violated the orders. According to his attorney, Councilmember White works as a delivery person for Instacart, which would likely give him a legally cognizable justification for frequently being in grocery stores. VRP at 30, 34-35. Charge three was revised at the hearing below to remove the allegation that White had personally violated the orders.

account, were not made in any official capacity, and did not amount to inciting criminal activity. White also noted, correctly, that the petition did not list a time and place that he or anyone he incited allegedly violated the emergency orders. Finally, he argued that the petitioners had not offered any authority for the proposition that missing some council meetings, without more, is grounds for recall.

The trial court conducted a hearing by video conference. At the hearing, the petitioners clarified that they were alleging Councilmember White should be recalled because

> he threatens the personal safety of the citizens of Yakima by telling people to disobey the stay-at-home orders and he threatens the personal safety of public employees such as fire, police, and EMT drivers by downplaying the risks of the virus.

VRP at 15. The judge asked if under the petitioner's theory, someone could be recalled for advocating marijuana legalization. The petitioner responded "Yes." *Id.* at 19.

At the hearing, the judge dismissed charges one, two, and three on the grounds that "[e]xpressive conduct that is not unlawful should not be the basis of a recall petition, unless that unlawful expressive conduct is coupled to a threat that constitutes a plausible threat not to perform the official's duties or to prevent others from carrying out their duties, or a threat to carry

8

out unlawful conduct." CP at 138. The judge concluded that "[n]one of the conduct alleged was actually unlawful. It was either expressive conduct and therefore lawful, or legal conduct compliant with the order." CP at 139. The judge also found Councilmember White had no duty to enforce the emergency orders.

The judge dismissed charge 5 on the grounds that the petitioner had cited no authority for the proposition that a Yakima City councilmember had a duty to attend all city council meetings and that the petitioner had not offered evidence that the city's business had been interrupted because of Councilmember White's absence. Charge 4 was abandoned. The petitioner appealed, assigning error to the judge's rulings on the first, third, and fifth charges.

ANALYSIS

Elected officials in Washington State may be recalled for malfeasance, misfeasance, and violation of oath of office. WASH. CONST. art. I, §§ 33-34; RCW 29A.56.110. For the purposes of recall:

> (1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;
>
> (a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and

9

   (b) Additionally, "malfeasance" in office means the commission of an unlawful act;

   (2) "Violation of the oath of office" means the neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law.

RCW 29A.56.110.

Courts review recall petitions to ensure that the charges are factually and legally sufficient. *In re Recall of Wasson*, 149 Wn.2d 787, 791, 72 P.3d 170 (2003) (citing *Chandler*, 103 Wn.2d at 274). To be factually sufficient, the petition must allege facts that establish a "case of misfeasance, malfeasance, or violation of the oath of office." *Id.* (citing *Cole v. Webster*, 103 Wn.2d 280, 285, 692 P.2d 799 (1984)). "Although there is no requirement that the petitioner have firsthand knowledge of the facts, he or she must have some knowledge of the facts underlying the charges." *Id.* (citing *In re Recall of Ackerson*, 143 Wn.2d 366, 372, 20 P.3d 930 (2001)). Courts do not evaluate the truthfulness of the charges. *Id.* at 792 (citing *Teaford v. Howard*, 104 Wn.2d 580, 586, 707 P.2d 1327 (1985)). Instead, courts decide whether, presuming they are true, the charges on their face support the conclusion that the officer abused his or her position. *Id.* (citing *Teaford*, 104 Wn.2d at 586). [2]

---

[2] While not presented by these facts, we stress that the "discretionary acts of a public official are not a basis for recall insofar as those acts are an appropriate exercise of

To be legally sufficient, "the charge must define substantial conduct clearly amounting to misfeasance, malfeasance or a violation of the oath of office." *Id.* at 791 (citing *In re recall of Anderson*, 131 Wn.2d 92, 95, 929 P.2d 410 (1997)). If there is a legal justification for the challenged action, the charge is not sufficient. *Id.* at 791-92 (citing *In re Recall of Wade*, 115 Wn.2d 544, 549, 799 P.2d 1179 (1990)). Most importantly for this case, given the allegations, the petitioner bears the burden of identifying the "'standard, law, or rule that would make the officer's conduct wrongful, improper, or unlawful.'" *Inslee*, 194 Wn.2d at 568 (internal quotation marks omitted) (quoting *Pepper*, 189 Wn.2d at 554-55). We review the trial court's decision de novo. *Teaford*, 104 Wn.2d at 590 (citing *Claussen v. Peddycord*, 69 Wn.2d 224, 226, 417 P.2d 953 (1966)).

1. FIRST CHARGE. This charge alleges that Councilmember White "used his position as an elected official to wrongfully encourage citizens to disobey state and local COVID-19 emergency proclamations that ordered everyone to stay home unless they need to pursue an essential activity." CP at 7. The trial judge found this factually and legally insufficient. We agree.

---

discretion by the official in the performance of his or her duties." *Cole*, 103 Wn.2d at 283 (citing *Chandler*, 103 Wn.2d at 274). In rare cases, an elected official's abuse of discretion may satisfy the threshold requirements for recall. *See id.* at 284-85 (citing *Wilson v. Bd. of Governors*, 90 Wn.2d 649, 656, 585 P.2d 136 (1978)).

The recall petitioner bears the burden of identifying "the 'standard, law, or rule that would make the officer's conduct wrongful, improper, or unlawful.'" *Inslee*, 194 Wn.2d at 568 (internal quotation marks omitted) (quoting *Pepper*, 189 Wn.2d at 554-55). The petitioner argues that Governor Inslee's "Stay Home – Stay Healthy" proclamation has been upheld by the federal courts. Appellant David Briggs' Opening Br. at 46 (citing *Slidewaters LLC v. Wash. State Dep't of Labor & Indus.*, No. 2:20-CV-0210-TOR, 2020 WL 3130295, at *3 (E.D. Wash. June 12, 2020)).[3] But beyond the bare assertion that Councilmember White had a duty to uphold the law and not interfere with other public officials' executions of their duties, no standard, law, or rule he allegedly violated has been identified. Nothing in the governor's "Stay Home – Stay Healthy" proclamation demands the allegiance of local legislators, and such a requirement would raise immediate constitutional concerns. *See* Proclamation by Governor Jay Inslee, No. 20-25 (Wash. Mar. 23, 2020) [https://perma.cc/PJ48-WAEY].

Councilmember White is a member of the city council. Under the Yakima City Charter, the council is the city's legislative branch. Yakima

---

[3] *Slidewaters* considered a later iteration of the governor's COVID-19 emergency proclamations, the "Transition from 'Stay Home – Stay Healthy' to 'Safe Start – Stay Healthy' County-By-County Phased Reopening" proclamation. *Slidewaters*, 2020 WL 3130295, at *2 (citing Proclamation by Governor Jay Inslee, No. 20-25.4 (May 31, 2020) [https://perma.cc/4HY6-S2CM]).

City Charter, art. I, section 2. In our system of divided government, legislators do not have a general duty to enforce public health orders or to abstain from criticizing the actions of other public officials.[4] *See generally Hale v. Wellpinit Sch. Dist. No. 49*, 165 Wn.2d 494, 506, 198 P.3d 1021 (2009); *State ex rel. Hartley v. Clausen*, 146 Wash. 588, 592, 264 P. 403 (1928); WASH. CONST. art. XI, § 11 (powers of municipal governments to make and enforce regulations within their limits).[5] The trial judge properly dismissed this charge.

2. THIRD CHARGE. As amended at the hearing, this charge alleged Councilmember White "violated his oath of office pursuant to RCW 29A.56.110(1)(b) by encouraging the public to disobey emergency orders imposed by the State of Washington and the Yakima County Health District." CP at 138. The trial judge found this factually and legally insufficient. We agree.

---

[4] In our system of divided government, the executive branch, not the legislative, is responsible for enforcing the law. *E.g.*, WASH. CONST. art. III, § 5; RCW 36.28.010; *Cougar Bus. Owners Ass'n v. State*, 97 Wn.2d 466, 472, 647 P.2d 481 (1982) *abrogated on other grounds by Chong Yim v. City of Seattle*, 194 Wn.2d 682, 451 P.3d 694 (2019). Executive officers do have some measure of constitutionally protected discretion in how they carry out that responsibility. *E.g.*, *State v. Rice*, 174 Wn.2d 884, 889, 279 P.3d 849 (2012); *In re Impoundment of Chevrolet Truck*, 148 Wn.2d 145, 149, 60 P.3d 53 (2002).
[5] Given our disposition, we need not decide whether Councilmember White's statements were privileged under article II, section 17 of the state constitution or whether he was acting in his official capacity by posting the statements on a personal Facebook page that was allegedly also used for city business.

13

For purposes of recall, "'Violation of the oath of office' means the neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29A.56.110(2). But as with the first charge, the petitioner has not identified any specific "'standard, law, or rule that would make the officer's conduct wrongful, improper, or unlawful.'" *Inslee*, 194 Wn.2d at 568 (internal quotation marks omitted) (quoting *Pepper*, 189 Wn.2d at 554-55).

The petitioner contends the charge is factually and legally sufficient because under his sworn oath, Councilmember White had an obligation to uphold the law. According to the recall petition, the oath Councilmember White took would have said:

> I, __, do solemnly swear that I will support the Constitution of the United States and the Constitution and Laws of the State of Washington, and the Charter and Ordinances of the City of Yakima. I will faithfully and impartially discharge and perform the duties of the office of Council Member of the City of Yakima, Washington, according to the best of my ability. SO HELP ME GOD. (City of Yakima Council Oath of Office).

CP at 10-11. While the governor's Stay Home – Stay Healthy order has the force of law, Councilmember White's oath-bound duty to support the law cannot reasonably be construed within our system of divided government as an obligation not to criticize the law. Accordingly, the trial court did not err in dismissing this charge.

14

3. FIFTH CHARGE. This charge alleges that Councilmember White "refused to attend Yakima City Council meetings which interfered with the performance of his official duties, and unreasonably denied his constituents representation at Council meetings." CP at 7. The trial judge found this factually and legally insufficient. We agree.

The failure to attend council meetings could be the basis for recall if it prevented an official council meeting from occurring or, perhaps, had some other ascertainable consequence for the city's business. *See Pepper*, 189 Wn.2d at 559. But after considerable probing from the trial judge, the petitioner was unable to identify any consequence of Councilmember White's failure to appear. Again, the petitioner bore the burden of identifying "the 'standard, law, or rule that would make the officer's conduct wrongful, improper, or unlawful.'" *Inslee*, 194 Wn.2d at 568 (internal quotation marks omitted) (quoting *Pepper*, 189 Wn.2d at 554-55). None have been articulated here.[6] The trial court did not err in dismissing this charge.

---

[6] Given that we find the recall petition insufficient on these grounds, we do not consider the petitioner's other arguments.

CONCLUSION

While Councilmember White's statements may have been scientifically inaccurate and intemperate, the petitioners have not shown they are the basis for recall. Accordingly, we affirm the superior court's dismissal of the recall charges.

_____
González, J.

WE CONCUR:

_____   _____
Stephens, C.J.                           Gordon McCloud, J.

_____   _____
Johnson, J.                               Yu, J.

_____   _____
Madsen, J.                              Montoya-Lewis, J.

_____   _____
Owens, J.                                Whitener, J.

16